UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KATHLEEN M. BAILEY,

                Plaintiff,          11-CV-6138

     v.                               **DECISION**
                                              **and ORDER**
INTEGO INSURANCE SERVICES, LLC,

                Defendants.
_____

     Plaintiff, Kathleen M. Bailey ("Plaintiff"), brings this action, *pro se*, pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, alleging that the Defendant, Intego Insurance Services, LLC ("Intego"), unlawfully terminated her employment based on her age. (Docket 1.)  Intego failed to timely answer the Complaint and Plaintiff requested an Entry of Default on July 28, 2011. (Docket No. 5.)  An Entry of Default was filed by the Clerk of the Court on August 8, 2011. (Docket No. 6.) Two days later, on August 10, 2011, Intego answered the Complaint denying the allegations and asserting, *inter alia*, that Plaintiff failed to exhaust her administrative remedies by timely filing a Complaint with the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 7.)

     Now before the Court is Intego's motion to set aside the entry of default. (Docket No. 10.) Intego contends that its failure to timely answer the complaint was not willful, but due to the

negligence of outside counsel.  Intego further argues that it has several meritorious defenses to this lawsuit and that Plaintiff will not suffer prejudice, as the case was delayed for less than three months.  <u>See</u> Def. Mem. of Law (Docket No. 10).  Plaintiff opposes the motion, but has not argued that there are facts indicating Intego's default was willful, that its defense is not meritorious or that she will be prejudiced by setting aside the entry of default.  For the reasons set forth below, Intego's motion is granted and the Clerk of the Court is directed to set aside the entry of default.

Rule 55(c) of the Federal Rules of Civil Procedure ("Rule 55(c)") states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  A court looks at the following factors to determine whether to set aside an entry of default or a default judgment: (1) whether the default was willful, (2) whether the opposing party would be prejudiced, and (3) whether the moving party presents a meritorious defense. <u>See</u> <u>Meehan v. Snow</u>, 652 F.2d 274, 277 (2d Cir. 1981).  Under Rule 60 (b), where the default was due to an error of counsel or attorney neglect, to determine whether a default was "willful," the court looks to whether the facts indicate "bad faith, or at least something more than mere negligence." <u>See</u> <u>American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.</u>, 92 F.3d 57, 60 (2d Cir. 1996).  Willfulness does not include mere negligent or

careless errors. Id. at 61.  Further, where a party is seeking to set aside an entry of default, rather than to vacate a default judgment under Rule 60(b), the standard for willfulness is less stringent. Id. at 59 (citing Meehan, 652 F.2d at 276-7).

Here, the second and third criterion are easily met. Plaintiff has not claimed nor presented any facts that would show prejudice to her should the entry of default be set aside; and Intego's Answer and Memorandum of Law in support of this motion adequately present several meritorious defenses to this action. For example, Plaintiff's apparent failure to timely exhaust her administrative remedies prior to filing the instant lawsuit.

With respect to whether the default was willful, Intego states that when this lawsuit was filed, it immediately referred the matter to outside counsel.  But, because Intego and its outside counsel were engaged in discussions on another matter at the time, the Complaint was never Answered and the matter was overlooked until Intego received notice of the Entry of Default.  Intego then instructed outside counsel to act promptly, and the Complaint was answered and this motion was filed within several days.

Under these circumstances, the Court does not find that Intego's actions meet even the more stringent Rule 60(b) standard for willfulness.  Rather, mere attorney carelessness caused the default, which was promptly remedied when discovered. Accordingly,

Intego's motion to set aside the Entry of Default is hereby granted.

## **CONCLUSION**

For the reasons discussed above, Intego's motion to set aside the Entry of Default is granted and the Clerk of the Court is directed to set aside the Entry of Default.  To facilitate the prompt resolution of this case, any dispositive motion based on Plaintiff's alleged failure to timely exhaust her administrative remedies shall be filed no later than thirty days from the date of this Order.

**ALL OF THE ABOVE IS SO ORDERED.**

    s/ Michael A. Telesca
    MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
         December 5, 2011