```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KATHLEEN M. BAILEY,

                       Plaintiff,           11-CV-6138

            v.                              DECISION
                                            and ORDER
INTEGO INSURANCE SERVICES, LLC,

                       Defendants.
_____
```

Plaintiff, Kathleen M. Bailey ("Plaintiff"), brings this action, *pro se*, pursuant to the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621 *et seq.*, alleging that the Defendant, Intego Insurance Services, LLC ("Intego"), unlawfully terminated her employment based on her age. (Docket No. 1.) Plaintiff alleges that she was terminated on April 2, 2009 and this was the last date any discriminatory action was taken against her. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 24, 2011. The EEOC dismissed Plaintiff's charge as untimely, and sent her a dismissal and notice of right to sue on February 8, 2011. Plaintiff then filed the instant action on March 18, 2011.

Defendant now moves to dismiss Plaintiff's complaint for failing to file a charge of discrimination with the EEOC within the statutory deadline - 300 days. (Docket No. 19.) Plaintiff has not responded to the instant motion, but instead she filed a "motion for a one month postponement" of oral argument on the motion to dismiss.

Local Rule 7(c) states that the Court, in its discretion, may decline to hear oral argument on any motion. Accordingly, in its notice to the parties scheduling the instant motion, the Court stated that the motion would be submitted without oral argument and no court appearance were required. Accordingly, Plaintiff's motion to extend the time for oral argument is denied as moot.

To pursue a claim for discrimination under the ADEA in New York a plaintiff must first file a charge of discrimination with the EEOC within 300 days of the alleged unlawful action. See Hodge v. New York College of Podiatric Medicine, 157 F.3d 164, 166 (2d Cir. 1998). This requirement functions as a statute of limitations which will bar any suit in district court based on allegations which are not timely raised before the EEOC. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Heller v. Consolidated Rail Corp., 331 Fed. Appx. 766, 768, 2009 WL 1448977 (2d Cir. 2009).

Here, Plaintiff filed her charge with the EEOC nearly one year after the 300 day deadline expired. Accordingly, because Plaintiff failed to timely exhaust her administrative remedies with the EEOC, Plaintiff's complaint is hereby dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                s/ Michael A. Telesca
                                                   MICHAEL A. TELESCA
                                        United States District Judge

Dated:    Rochester, New York
          January 27, 2012